MATTHEW D. POWERS (S.B. # 212682)
mpowers@omm.com
ANDREW M. LEVAD (S.B. #313610)
alevad@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER BRYAN and HERIBERTO VALIENTE, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>          v.<br><br>APPLE INC., a California corporation,<br><br>                 Defendant. | Case No. 4:22-cv-00845-HSG<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:     October 27, 2022<br>Time:             2:00pm<br>Judge:            Hon. Haywood S. Gilliam, Jr.<br>Courtroom:        Courtroom 2, 4th Floor<br><br>Complaint Filed:  April 22, 2022 |

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND FACTS ..................................................................................... 3

III.   LEGAL STANDARDS......................................................................................... 7

IV.    ARGUMENT ....................................................................................................... 9

       A.    Plaintiffs' California Claims Must Be Dismissed................................................. 9

       B.    Plaintiffs' Fail To Plead The Necessary Elements Of Their Fraud-Based
             Claims Under Both California, Florida, and Colorado Law ................................ 10

             1.    No "False" Statements ............................................................................. 12

             2.    No Actionable Omissions Under California Law ..................................... 14

             3.    No Actionable Omissions under Colorado or Florida Law ..................... 16

       C.    Plaintiffs Plead No Facts To Support An "Unlawful" Or "Unfair" UCL
             Claim.................................................................................................................... 17

       D.    Plaintiffs Cannot Seek Monetary Damages or an Injunction Under the
             CCPA.................................................................................................................... 19

       E.    The Claims For Retrospective Restitution and Unjust Enrichment Must Be
             Dismissed Because Plaintiffs Have Not Pled That They Have No Adequate
             Remedy At Law ................................................................................................... 20

       F.    Plaintiffs Lack Article III Standing To Seek Injunctive Relief............................ 21

V.     LEAVE TO AMEND........................................................................................... 22

VI.    CONCLUSION .................................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ahern v. Apple Inc.*,
   411 F. Supp. 3d 541 (N.D. Cal. 2019) ................................................................... 16

*Alpine Bank v. Hubbell*,
   555 F.3d 1097 (10th Cir. 2009)............................................................................. 11

*Annunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ................................................................. 14

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*,
   785 F. Supp. 2d 799 (N.D. Cal. 2011) ................................................................... 11

*Apodaca v. Whirlpool Corp.*,
   No. SACV 13-00725 JVS, 2013 WL 6477821 (C.D. Cal. Nov. 8, 2013) ............................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................. 7

*Baba v. Hewlett-Packard Co.*,
   No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010) ..................................... 19

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988)................................................................................. 7

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) ...................................................................... 19, 20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................. 7

*Berenblat v. Apple, Inc.*,
   No. 08-4969 JF (PVT), 2010 WL 1460297 (N.D. Cal. Apr. 9, 2010) ................................... 19

*Blair v. Wachovia Mortg. Corp.*,
   11-cv-566-OC-37TBS, 2012 WL 868878 (M.D. Fla. Mar. 14, 2012)...................................... 8

*Butler v. Yusem*,
   44 So. 3d 102 (Fla. 2010)..................................................................................... 11

*Campion v. Old Republic Home Prot. Co.*,
   861 F. Supp. 2d 1139 (S.D. Cal. 2012) ................................................................... 22

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011).................................................................................. 22

*Collins v. eMachines, Inc.*,
   202 Cal. App. 4th 249 (2011), as modified (Dec. 28, 2011)............................................ 11, 16

*Consumer Advocates v. Echostar Satellite Corp.*,
   113 Cal. App. 4th 1351 (2003) ...................................................................... 13, 14

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
   911 F.2d 242 (9th Cir. 1990) ............................................................................................ 23

*D.H.G Props., L.L.C. v. Ginn Cos.*,
   09-cv-735-J-34JRK, 2010 WL 5584464 (M.D. Fla. Sept. 28, 2010) ...................................... 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ............................................................................................... 9

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ................................................................................ 15, 18, 19

*Davison v. Kia Motors Am., Inc.*,
   No. SACV 15-00239-CJC, 2015 WL 3970502 (C.D. Cal. June 29, 2015) ........................... 10

*DeSoto v. Yellow Freight Sys., Inc.*,
   957 F.2d 655 (9th Cir. 1992) ............................................................................................... 9

*Dotson v. Europharma, Inc.*,
   No. 2:20-CV-09651-AB-AGR, 2021 WL 4826611 (C.D. Cal. May 27, 2021) ................... 22

*Duttweiler v. Triumph Motorcycles*,
   2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) ................................................................... 21

*EchoStar Satellite, L.L.C. v. Splash Media Partners, L.P.*,
   No. 07-CV-02611-PAB-BNB, 2010 WL 1380314 (D. Colo. Mar. 31, 2010) ...................... 14

*Found. Learning LLC v. Acad., Arts & Action Charter Acad.*,
   No. 17-CV-03182-RM-KLM, 2019 WL 1077316 (D. Colo. Mar. 7, 2019) ......................... 11

*Francis v. Mead Johnson & Co.*,
   No. 1:10-CV-00701-JLK, 2010 WL 5313540 (D. Colo. Dec. 17, 2010) ............................. 17

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) ................................................................................. 10

*Frezza v. Google Inc.*,
   No. 5:12-CV-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) ........................ 10

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
   No. 12-CV-02432-WYD-KMT, 2015 WL 4036319 (D. Colo. July 1, 2015) ....................... 20

*Gallagher v. Chipotle Mexican Grill, Inc.*,
   No. 15-CV-03952-HSG, 2016 WL 454083 (N.D. Cal. Feb. 5, 2016) ............................ 22, 23

*Garcia v. Medved Chevrolet*,
   263 P.3d 92 (Colo. 2011) ................................................................................................... 11

*Garrett-Alfred v. Facebook, Inc.*,
   No. 8:20-CV-0585-KKM-CPT, 2021 WL 1946699 (M.D. Fla. May 14, 2021) .................. 11

*Gest v. Bradbury*,
   443 F.3d 1177 (9th Cir. 2006) ........................................................................................... 23

*Goode v. Gaia, Inc.*,
    No. 20-CV-00742-DDD-KLM, 2022 WL 596292 (D. Colo. Feb. 28, 2022) ........................ 11

*Greenberg v. Miami Children's Hosp. Rsch. Inst., Inc.*,
    264 F. Supp. 2d 1064 (S.D. Fla. 2003) .................................................................. 17

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .................................................................. 14

*Hall v. Sea World Ent., Inc.*,
    No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ........................ 8

*Hansen v. Auto-Owners Ins. Co.*,
    No. 09-CV-02736-CMA-BNB, 2010 WL 749820 (D. Colo. Mar. 4, 2010) ......................... 8

*Hauck v. Advanced Micro Devices, Inc.*,
    No. 18-CV-00447-LHK, 2019 WL 1493356 (N.D. Cal. Apr. 4, 2019), *aff'd*,
    816 F. App'x 39 (9th Cir. 2020) ...................................................................... 8, 11

*Hilton v. Apple Inc.*,
    No. CV137674GAFAJWX, 2014 WL 10435005 (C.D. Cal. Apr. 18, 2014) ......................... 8

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999) ............................................................................ 23

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) .............................................................................. 15

*Hoey v. Sony Elecs. Inc.*,
    515 F. Supp. 2d 1099 (N.D. Cal. 2007) ............................................................ 16, 18

*Hovsepian v. Apple, Inc.*,
    No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .............................. 20

*In re Actimmune Mktg. Litig.*,
    No. C 08-02376 MHP, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009), aff'd, 464
    F. App'x 651 (9th Cir. 2011) ............................................................................. 19

*In re Apple Inc. Device Performance Litig.*,
    386 F. Supp. 3d 1155 (N.D. Cal. 2019) .................................................................. 15

*In re Clorox Consumer Litig.*,
    894 F. Supp. 2d 1224 (N.D. Cal. 2012) ................................................................. 14

*In re Ditropan XL Antitrust Litig.*,
    529 F. Supp. 2d 1098 (N.D. Cal. 2007) ................................................................. 10

*In re Hitachi Television Optical Block Cases*,
    No. 08cv1746, 2011 WL 9403 (S.D. Cal. Jan.3, 2011) ................................................ 10

*In re Rumsey Land Co., LLC*,
    944 F.3d 1259 (10th Cir. 2019) ...................................................................... 11, 17

*In re Sorrento Therapeutics, Inc. Sec. Litig.*,
    No. 20-CV-00966-AJB-DEB, 2021 WL 6062943 (S.D. Cal. Nov. 18, 2021) ...................... 9

*In re Tobacco II Cases,*
207 P.3d 20 (Cal. 2009) .......................................................................................... 11, 13

*In re ZF-TRW Airbag Control Units,*
No. LAML1902905JAKFFMX, 2022 WL 522484 (C.D. Cal. Feb. 9, 2022) ...................... 21

*Jackson v. Anheuser-Busch InBev SA/NV, LLC,*
No. 20-CV-23392, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021)........................................ 14

*Johnson v. MDEA, Inc.,*
578 F. Supp. 2d 1229 (C.D. Cal. 2008) ................................................................................ 14

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009)...................................................................................... 8, 10, 14

*Keegan v. Am. Honda Motor Co.,*
838 F.Supp.2d 929 (C.D. Cal. 2012)........................................................................................ 8

*Khoja v. Orexigen Therapeutics, Inc.,*
899 F.3d 988 (9th Cir. 2018)..................................................................................................... 9

*Koski v. Carrier Corp.,*
347 F. Supp. 3d 1185 (S.D. Fla. 2017) .................................................................................. 11

*Kurimski v. Shell Oil Co.,*
No. 21-80727-CV, 2021 WL 6340979 (S.D. Fla. Nov. 8, 2021)........................................... 18

*Kwikset Corp. v. Superior Court,*
246 P.3d 877 (Cal. 2011) ........................................................................................................ 11

*La Pesca Grande Charters, Inc. v. Moran,*
704 So. 2d 710 (Fla. Dist. Ct. App. 1998) ............................................................................. 11

*Lewis v. Mercedes-Benz USA, LLC,*
530 F. Supp. 3d 1183 (S.D. Fla. 2021) .................................................................................. 11

*Licul v. Volkswagen Grp. of Am., Inc.,*
No. 13-61686-CIV, 2013 WL 6328734 (S.D. Fla. Dec. 5, 2013).......................................... 12

*LiMandri v. Judkins,*
52 Cal. App. 4th 326 (1997) ................................................................................................... 16

*Llado-Carreno v. Guidant Corp.,*
No. 09-20971-CIV, 2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ............................................ 8

*Lopez v. Smith,*
203 F.3d 1122 (9th Cir. 2000)................................................................................................... 9

*Marolda v. Symantec Corp.,*
672 F. Supp. 2d 992 (N.D. Cal. 2009) ...................................................................................... 8

*Martinez v. Nash Finch Co.,*
886 F. Supp. 2d 1212 (D. Colo. 2012) ................................................................................... 20

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................................................. 9

*MDVIP, Inc. v. Beber*,
   222 So. 3d 555 (Fla. Dist. Ct. App. 2017) ...................................................................... 14

*Monson v. Country Preferred Ins. Co.*,
   No. 17-CV-02130-RBJ, 2018 WL 11016704 (D. Colo. Sept. 28, 2018) ......................... 20

*Moriber v. Dreiling*,
   194 So. 3d 369 (Fla. Dist. Ct. App. 2016) ...................................................................... 11

*Moss v. U.S.*,
   572 F.3d 962 (9th Cir. 2009) ............................................................................................. 7

*Nero v. Am. Fam. Mut. Ins. Co.*,
   No. 11-CV-02717-PAB-MJW, 2012 WL 4478958 (D. Colo. Sept. 28, 2012) ................. 18

*Piescik v. CVS Pharmacy, Inc.*,
   No. 21-81298-CV, 2021 WL 5996977 (S.D. Fla. Dec. 15, 2021) ................................... 13

*Price v. Apple Inc.*,
   No. 21-cv-02846-HSG (N.D. Cal. Apr. 6, 2022) ............................................................. 19

*Princess Cruise v. Superior Court*,
   179 Cal. App. 4th 36 (2009) ............................................................................................ 11

*Prohias v. Pfizer, Inc.*,
   490 F. Supp. 2d 1228 (S.D. Fla. 2007) ........................................................................... 21

*Punian v. Gillette Co.*,
   No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) .......................... 19

*Reddy v. Litton Indus.*,
   912 F.2d 291 (9th Cir. 1990) ............................................................................................. 9

*Renfro v. Champion Petfoods USA, Inc.*,
   25 F.4th 1293 (10th Cir. 2022) .......................................................................... 13, 14, 17

*Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*,
   420 P.3d 223 (Colo. 2018) .............................................................................................. 11

*Rojas-Lozano v. Google, Inc.*,
   159 F. Supp. 3d 1101 (N.D. Cal. 2016) ..................................................................... 11, 15

*Rubenstein v. The Gap, Inc.*,
   14 Cal. App. 5th 870 (2017) .............................................................................. 13, 16, 17

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) ........................................................................................... 21

*Sharma v. Volkswagen AG*,
   524 F. Supp. 3d 891 (N.D. Cal. 2021) ............................................................................ 21

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

*Smith v. LG Elecs. U.S.A., Inc.*,
   No. C 13-4361 PJH, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ........................................ 20

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .................................................................................................. 21

*Specialty Marine & Indus. Supplies, Inc. v. Venus*,
   66 So. 3d 306 (Fla. Dist. Ct. App. 2011) ................................................................................ 11

*Stephenson v. Neutrogena Corp.*,
   No. C 12-0426-PJH, 2012 WL 8527784 (N.D. Cal. July 27, 2012) ....................................... 22

*Stickrath v. Globalstar, Inc.*,
   527 F. Supp. 2d 992 (N.D. Cal. 2007) .................................................................................... 14

*Strumlauf v. Starbucks Corp.*,
   192 F. Supp. 3d 1025 (N.D. Cal. 2016) ............................................................................. 22, 23

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   No. C-13-1803 EMC, 2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ................................... 20

*Terra Ins. Co. v. New York Life Inv. Mgmt. LLC*,
   717 F. Supp. 2d 883 (N.D. Cal. 2010) ............................................................................... 11, 15

*Travelers Indem. Co. of Illinois v. Hardwicke*,
   339 F. Supp. 2d 1127 (D. Colo. 2004) .................................................................................... 13

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) .................................................................................................. 23

*Valley Fresh Produce, Inc. v. W. Skyways, Inc.*,
   No. 17-CV-01450-PAB-KLM, 2019 WL 4695668 (D. Colo. Sept. 25, 2019) ...................... 13

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .................................................................................................. 8

*Williams v. Apple Inc.*,
   2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) ........................................................................ 21

*Williamson v. McAfee, Inc.*,
   No. 5:14-CV-00158-EJD, 2014 WL 4220824 (N.D. Cal. Aug. 22, 2014) ............................ 19

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ................................................................................................. 20

*Worley v. Avanquest N. Am., Inc.*,
   No. C 12-04391 SI, 2013 WL 450388 (N.D. Cal. Feb. 5, 2013) ........................................... 11

**STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................................................ 2

Cal. Bus. & Prof. Code § 17500, *et seq.* ........................................................................................ 8

Cal. Civ. Code § 1750, *et seq.* ........................................................................................................ 8

Colo. Rev. Stat. § 6-1-101, *et seq.* ............................................................................. 3, 8

Colo. Rev. Stat. § 6-1-105(1)(u) .................................................................................. 17

Colo. Rev. Stat. § 6-1-113 ........................................................................................... 20

Colo. Rev. Stat. § 6-1-113(2) ....................................................................................... 20

Fla. Stat. Ann. § 501.201, *et seq.* ............................................................................... 2, 8

1    **<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

2    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

3    Please take notice that on October 27, 2022, at 2:00 p.m., or as soon thereafter as this

4    matter may be heard by the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, 4th Floor, of the

5    above-entitled Court located at 1301 Clay Street, Oakland, California, 94612, Defendant Apple

6    Inc. ("Apple") will, and hereby does, move to dismiss with prejudice the First Amended

7    Complaint ("FAC") of Plaintiffs Christopher Bryan and Heriberto Valiente ("Plaintiffs"),

8    individually and on behalf of all others similarly situated, and each claim asserted therein against

9    Apple.

10   Apple brings this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because

11   Plaintiffs fail to state a claim for relief as to any and each claim alleged against Apple. This

12   Motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities,

13   Apple's Request for Judicial Notice, the Declaration of Matthew D. Powers and all exhibits

14   thereto, and all pleadings, arguments, and matters before the Court.

15

16

17

18

19   Dated: May 6, 2022                          **O'MELVENY & MYERS LLP**

20                                               */s/ Matthew D. Powers*
                                                 Matthew D. Powers
21                                               Two Embarcadero Center, 28th Floor
                                                 San Francisco, CA 94111
22                                               Telephone:  (415) 984-8700
                                                 Facsimile:  (415) 984-8701
23                                               E-mail:  mpowers@omm.com
                                                 *Attorney for Defendant Apple Inc.*

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs in this case once again purport to bring claims over an alleged product "defect" that the FAC itself, like the original Complaint, shows not to be a defect at all.  Just as in the Complaint, Plaintiffs have failed to allege facts necessary to support the basic elements of their claim that they were "misled" by Apple.  What they do allege (together with judicially noticeable facts) demonstrates that they seek to recover for supposed false statements and "concealed" facts that the FAC itself shows are neither false nor concealed.  The FAC almost entirely duplicates, word-for-word, the allegations of the original Complaint, and the new Plaintiff's factual allegations duplicate, word-for-word, the allegations of the initial Plaintiff.  The new pleading presents nothing new, and confirms that this case should be dismissed with prejudice because no further amendment can rescue this faulty action.

As before, Plaintiffs Christopher Bryan and Humberto Valiente assert claims against Apple over the iPad mini 6 because of a visual effect on LCD screens known as "jelly scrolling." But again, as explained in detail by the various sources that Plaintiffs cite and incorporate into their FAC, "jelly scrolling" (1) is simply the way all LCD screens function, (2) is widely known by both the public and the technology industry, and (3) is so minute as to be imperceptible by nearly all users.  Plaintiffs do not plausibly allege—because they cannot—that "jelly scrolling" is only present on iPad mini 6 screens or that it only impacts Apple products.  Nevertheless, Plaintiffs contend that Apple should be liable for "failing" to disclose the existence of this effect in its marketing of the iPad mini 6.  There is nothing substantively new in the FAC, and the facts therein cannot support a cause of action against Apple for the same reasons Apple set forth in its initial Motion to Dismiss.

*First*, because neither Plaintiff is a resident of California, nor made any relevant purchases in California, nor saw any Apple advertising in California, nor otherwise suffered any injury or have any connection at all to California, the FAC's attempt to assert claims under California law must be rejected.  Plaintiff Bryan is a Colorado resident who bought his iPad mini 6 in Park Meadows, Colorado.  And Plaintiff Valiente is a Florida resident who bought his iPad mini 6 in

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

Miami, Florida.  The FAC simply presents no nexus of fact tying any allegedly unlawful activity to California.  On these Plaintiffs' facts, Colorado and Florida's laws—not California's—apply to Plaintiffs' claims, and their California causes of action should be dismissed.

*Second*, Plaintiffs once again fail to plead key facts necessary to their fraud-based claims, despite months of additional time to gather and present the facts necessary to make such claims. Because Plaintiffs' fraud-based claims in the FAC are based, largely *verbatim*, on the same facts set forth in the original Complaint, they cannot proceed for the same reasons set forth in Apple's original Motion to Dismiss.  That is, their claims based on misrepresentations all fail because they do not and cannot allege that they relied on any actual false statements by Apple about "jelly scrolling" or the characteristics of the iPad mini 6.  Instead, Plaintiffs resort to the same vague, broad characterizations of Apple's marketing that are untethered to any actual statements by Apple, as well as non-actionable marketing statements that cannot support any misrepresentation theory.  Similarly, Plaintiffs' "omission" claims fail because they do not and cannot plead that the alleged omissions are contrary to any statements by Apple, that Apple had any duty to explicitly disclose the effect, or that any reasonable consumer would be misled.  The FAC's only new statutory cause of action, brought under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. Ann. § 501.201, *et seq.*, is based on the identical allegations of fraud as the other fraud-based claims and fail for the same reasons.

*Third*, because Plaintiffs' fraud-based claims all fail as a matter of law and the FAC presents no new factual information, there are still no plausible allegations of unlawful activity to support a claim under the "unlawful" prong of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.  The FAC is also devoid of any plausible allegations of "unfair" conduct on Apple's part.  That is, despite months of additional time to investigate and prepare the FAC, Plaintiffs again fail to allege any activity by Apple that is against public policy, unscrupulous or substantially injurious to consumers, or that causes unjustifiable harm that could not reasonably avoided by consumers.  And as before, Plaintiffs' contentions that they and other purchasers were dissatisfied with their iPad mini 6 devices do not render Apple's conduct "unfair."  Plaintiffs also still fail to plead facts that would give rise to a duty for Apple to

"disclose" "jelly scrolling" on the iPad mini 6; since Apple was under no duty to address "jelly scrolling," "failing" to "disclose" the effect was not "unfair" as a matter of law.

*Fourth*, because Colorado's Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.* ("CCPA") has not substantively changed since the initial Complaint, Plaintiffs' claims for monetary damages and injunctive relief under that statute must be dismissed because those remedies are still not available.  As detailed in Apple's prior motion to dismiss, the CCPA expressly exempts classes from monetary recovery, and injunctive relief is not available to private plaintiffs.

*Fifth,* Plaintiffs' equitable claims in the FAC suffer identical, and fatal, deficiencies as those pled in the original Complaint.  Namely, they must be dismissed because Plaintiffs have what they contend is an adequate remedy at law, which, in fact, they still presently seek in this action.  The FAC makes clear that Plaintiffs still seek to recover in "equity" the exact monetary amount that they seek in damages.  The applicable law has not changed on this point; under the Plaintiffs' facts, courts hold that Plaintiffs' remedies at law are adequate, and retroactive equitable relief is thus unavailable.  Accordingly, Plaintiffs' claims for retrospective equitable relief must be dismissed.

*Finally*, Plaintiffs persist in pleading facts that do not allow them to seek injunctive relief. They do not and cannot allege that they are under threat of repetition of their alleged "injury." Instead, Plaintiffs concede that they now have actual knowledge of the "jelly scroll" effect and cannot be re-induced to purchase another iPad mini 6 by Apple's allegedly fraudulent marketing.

In short, despite the opportunity to make meaningful amendments to the Complaint, Plaintiffs have declined to do so.  Because the new Plaintiff's allegations are indistinguishable from the original Plaintiff's, and together they present no relevant new facts related to their claims for relief, their entire FAC should be dismissed.  And because it is evident that further amendments will be futile, the dismissal should be with prejudice.

## II.  **BACKGROUND FACTS**

Plaintiff Bryan filed his original Complaint on February 9, 2022.  Dkt. No. 1 ("Compl."). In that Complaint, the core of Plaintiff Bryan's claims was his allegation that the LCD displays of

Apple's iPad mini 6 are "prone" to "jelly scrolling" when held in a vertical or "portrait"

orientation. Compl. ¶¶ 1, 29.  The basis for the FAC is identical, word-for-word.  *Compare id.* ¶¶

1, 29 *and* FAC ¶¶ 1, 29.[1]  Indeed, save for their names and locations, both the original Plaintiff

Bryan and the new Plaintiff Valiente's bases for bringing this action are identical to one another.

FAC ¶¶ 7-10.  Specifically, both Plaintiffs allege they encountered the "jelly scroll" effect on

iPad mini 6 devices that they both bought sometime "[i]n or around September 2021," and that

they reviewed and relied on some portion of the iPad mini 6's labeling, packaging, and marketing

materials, and statements by Apple on Apple's website before his purchase. *Id.* ¶¶ 7, 9.  And

although they plead that "jelly scrolling" on their iPad mini 6 devices caused some unspecified

"economic injuries" (*id.* ¶¶ 8, 10) and feelings of "nausea and headaches" (*id.*, ¶¶ 9, 11), they

provide virtually no details about their personal experiences.  Although the FAC is more than 50

pages, the Plaintiffs devote only two paragraphs apiece to his own experience with the iPad mini

6. *Id.* ¶¶ 7-11.  And other than Plaintiff Bryan's new claim of "feel[ing] nausea and headaches,"

his and Plaintiff Valiente's descriptions of "jelly scrolling" and their interactions therewith match

identically to the allegations in the Complaint.  *Compare* Compl. ¶¶ 7-8 *and* FAC ¶¶ 7-10.

As in the original Complaint, instead of presenting their own experiences or impressions,

Plaintiffs rely on third-party sources, each incorporated into the FAC by reference, to describe the

so-called "jelly scroll" effect.  *See id.* ¶¶ 1–5, 18-20, 29-30, 77, 80-82.  These sources and the

FAC's reliance on them are identical, word for word, to those presented in the original

Complaint, save for the addition of one additional source that recycles the same information as

the others.  *Compare* Compl. ¶¶ 1–5, 16–18, 27–28, 74, 77–79 *and* FAC ¶¶ 1–5, 18-20, 29-30, 77,

80-82.  But these sources still do not support the allegations for which Plaintiffs cite them.  The

*iFixit* "teardown" video that Plaintiffs once again cite and pastes screen-captured images from

throughout the FAC still confirms that slow-motion footage is required to render "jelly scrolling"

perceivable.  *See id.* ¶¶ 3, 5, 29, 74, 81 & nn.5, 25, 28, 41.  Plaintiffs' other recycled sources

---

[1] As Plaintiffs acknowledge, this effect, where lines on one side of the LCD display refresh at a slightly different rate from lines on the other side of the screen, vanishes completely when the iPad mini 6 is held in the horizontal or "landscape" orientation.  *Id.* ¶ 27.

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

follow suit, describing the effect as normal LCD screen behavior that is barely noticeable, generally harmless, and can be eliminated altogether by holding the iPad in a "landscape" orientation:

- "***Jelly scrolling is normal LCD behavior, coming as a result of the way these types of displays refresh***.  LCDs refresh line by line, so it's normal for the lines at the top of the display to refresh at a different rate than the lines at the bottom. . . . The issue is subtle, but most noticeable when scrolling relatively slowly up and down a webpage or document—the left side of the screen follows the right side by just a fraction of a second, which may make paragraphs of text appear wobbly to the attentive eye. . . .  The jelly scrolling effect is not very noticeable in normal usage . . . ***This is a very small issue that is barely noticeable to many users***.  In general, the iPad mini 6 is an excellent all-rounder device for those looking for a powerful machine in a smaller size.  Don't let this issue put you off buying one."  Declaration Of Matthew D. Powers In Support Of Defendant Apple Inc.'s Request For Judicial Notice And Incorporation By Reference ("Powers Decl.") Ex. A (Shujja Imran, "Wobbly Jelly Scrolling on Your iPad mini 6 Screen? Apple Says It's Normal," *MakeUseOf* (Oct. 7, 2021)), *cited and quoted at* FAC ¶ 1 & n.2;

- "The version observed in the iPad mini generally manifests when the tablet is held in a portrait orientation . . . .  However, ***the problem is rarely noticeable, meaning most users won't necessarily observe it without looking specifically for the issue***."  Powers Decl. Ex. B (Malcolm Owen, "Apple dismisses iPad mini 'jelly scroll' issue as normal behavior," *Apple Insider* (Sep. 28, 2021)), *cited at id.* ¶ 4 & n.4;

- "[S]ome iPad mini users noticed a subtle, stagger-like disconnect between the right and left sides of the screen when scrolling through content.  Some people see it right away, others have to have it pointed out to them, and others still don't notice even when told. . . .  All that is to say that while the effect may be more noticeable on one device than another, ***it is common in any OLED or LCD display, iPad or otherwise.***"  Powers Decl. Ex. C (Samuel Axon, "iPad mini teardown sheds new light on 'jelly scrolling' controversy," *ArsTechnica* (Sep. 30, 2021)), *cited and quoted at id.* ¶ 29 & n.24;

- "[T]he 'bug' seemingly disappears in a landscape orientation. . . ."  Powers Decl. Ex. D (JC Torres, "iPad mini 6 iFixit teardown explains jelly scrolling behavior," *SlashGear* (Sept. 29, 2021)), *cited and quoted at id.* ¶ 30 & n.25;

- "Some users have reported not being able to notice the problem in landscape mode at all."  Powers Decl. Ex. E (Andrew Cunningham, "Newest iPad mini has a subtle scrolling problem," *ArsTechnica* (Sep. 27, 2021)), *cited and quoted at id.* ¶¶ 30 & n.27, 79 & n.41;

- "***It's subtle enough that it's hard for me to film it***, but it's there.  Here is is [*sic*] a slow-mo video of me scrolling on the iPad Mini slowed down EVEN MORE in a frame-by-frame step through.  Notice how the right moves up faster than the left.  ***In normal usage you barely see it, but every now and then it becomes noticeable.  In landscape it goes away entirely.***"  Powers Decl. Ex. F (Matthew Humphries, "Apple Says iPad Mini 'Jelly Scrolling' Is Normal Behavior," *PC Mag* (Sep. 29, 2021)), *cited and quoted at id.* ¶ 30 & n.28.

- "At least so far, ***this doesn't seem to be a widespread hardware problem***.  A few

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

other users on Reddit have managed to replicate the distortion on the iPad mini 6 LCD, while others say they haven't experienced this problem." Powers Decl. Ex. G (Felipe Esposito, "iPad mini 6 users complain about LCD discoloration and distortion issues," *9to5Mac* (Oct. 5, 2021)), *cited and quoted at id.* ¶ 77 & n.37;

- "In real-time, the effect is **so subtle most people won't notice it** . . . ." Powers Decl. Ex. H (Phillip Tracey, "iPad mini 6 display problem is angering customers [Update: Apple says it's normal]," *Laptop Mag* (Sep. 29, 2021*), cited and quoted at id.* ¶ 80 & n.40.

Nevertheless, in paragraph after paragraph copied almost entirely *verbatim* from the initial Complaint, Plaintiffs still contend that Apple had "exclusive knowledge and opportunities to disclose the Defect" but "failed to disclose the Defect to Plaintiffs and Class members prior to purchase." *Id.* ¶ 110; *see also id.* ¶¶ 101, 161, 179. But as Plaintiffs concede and their sources confirm, Apple has never denied the existence of "jelly scroll" before or after the iPad mini 6's release. *Id.* ¶ 30. Indeed, if a prospective purchaser is concerned with the screen function of an iPad mini 6, Apple provides them with the opportunity to test the device in-store *before* making a purchase, and Plaintiffs still appear to admit that some consumers discovered "jelly scrolling" in exactly this way. *Id.* ¶ 76. In fact, according to the FAC itself, "jelly scroll" was well-known to consumers since sales of the iPad mini 6 began, and consumers and experts alike began discussing the effect "almost immediately" upon the iPad mini 6's release. *Id.* ¶¶ 29, 40–73, 80. Plaintiffs have not identified any new supposedly "false" statement by Apple about "jelly scrolling" or any other aspect of the iPad mini 6—instead, they recycle identical allegations and third-party citations that Apple advertises the iPad mini 6 as, for example, "portable"; "thin"; capable of use "from creativity to productivity" including "working, reading, exercising, playing games"; and an "all-screen design" with an 8.3 inch "edge-to-edge" screen. *See, e.g.*, *id.* ¶¶ 7, 9, 28–28, 32–38. And, as Plaintiffs themselves allege, Apple "acknowledged" "jelly scrolling" on the iPad mini 6 four days after the iPad mini 6's release and stated truthfully that it is a consequence of the normal function of LCD screens. *Id.* ¶¶ 2, 30.

Finally, as discussed above and in Apple's prior motion to dismiss, the FAC contains only scant detail as to the Plaintiffs own personal experiences with the iPad mini 6. For example, although Plaintiffs contend that some iPad mini 6 users have experienced "motion sickness," "vomiting," and "migraines" due to the "jelly scroll" effect—still only grounded on a handful of

1   unverified anonymous online comments—neither Plaintiff contends to have suffered such

2   symptoms himself. *Id.* ¶¶ 2, 25.  Rather Plaintiffs pled only that alleged "bends and warps in the

3   [iPad mini 6] text" caused them to "feel nausea and headaches" of an unknown duration or

4   severity. *Id.* ¶ 10.  They still have not identified how prevalent any symptoms are across the

5   putative class and subclasses, or if such symptoms are typical for iPad mini 6 users.  And while

6   Plaintiffs contend Apple has received consumer complaints and repair requests related to the

7   "jelly scrolling," *id.* ¶ 74, Plaintiffs themselves never claim to have filed such consumer

8   complaints or sought repairs or returns pursuant to the iPad mini 6's warranty.

9       Based on these allegations, Plaintiffs seek to bring claims under California, Colorado, and

10  Florida law on behalf of a class of all persons within the United States who purchased an iPad

11  mini 6 (and subclasses of those who bought the iPad mini 6 in Colorado and Florida), regardless

12  of whether or not those purchasers suffered any injuries, knew about the "jelly scroll" effect, or

13  encountered or relied on any of Apple's marketing prior to their purchases. *Id.* ¶ 83.[2]

14  **III.    LEGAL STANDARDS**

15      Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where there is

16  either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a

17  cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

18  Therefore, the FAC should be dismissed if it does not allege facts sufficient to make out a claim

19  that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

20  "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

21  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

22  do." *Id.* (alteration in original).  Instead, "for a complaint to survive a motion to dismiss, the non-

23  conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

24  suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*, 572 F.3d 962, 969 (9th Cir.

25  2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

26  _____

[2] Plaintiffs plead all of their common law claims under California law and, in the alternative,
27  "under the laws of the state where Plaintiffs reside and made their purchase [*sic*]," presumably
    meaning Colorado law as to Plaintiff Bryan and Florida law as to Plaintiff Valiente.
28

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

Next, common law claims sounding in fraud and fraud-based statutory claims[3] must also meet the heightened pleading standards for Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126–27 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Hansen v. Auto-Owners Ins. Co.*, No. 09-CV-02736-CMA-BNB, 2010 WL 749820, at *2 (D. Colo. Mar. 4, 2010); *Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011).[4]  Plaintiffs must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. Proc. 9(b).  The Rule 9(b) standard applies with equal force to allegations of fraud by omission.  *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).  Under Rule 9(b), Plaintiffs must plead the time, place, and content of the alleged fraudulent representation or omission—"the who, what, when, where, and how"—as well as facts demonstrating their reliance on the allegedly fraudulent conduct.  *Vess*, 317 F.3d at 1106 (citation omitted); *Kearns*, 567 F.3d at 1124.

While the scope of review on a motion to dismiss is limited to the FAC, a court may consider evidence on which the FAC necessarily relies if:  "(1) the complaint refers to the

[3] Here, Plaintiffs bring fraud-based statutory claims under the UCL; California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; the CCPA, Colo. Rev. Stat. § 6-1-101, *et seq.*; and the FDUTPA, Fla. Stat. Ann. § 501.201, *et seq.*

[4] Although there is some dispute among Florida courts as to whether Rule 9(b) applies to all FDUTPA claims, both Florida and California courts agree that Rule 9(b) applies to FDUTPA claims where, as here, they are grounded in allegations of fraud. *Keegan v. Am. Honda Motor Co.*, 838 F.Supp.2d 929, 958 (C.D. Cal. 2012) (relying on *Kearns* to hold that FDUTPA claims based on fraudulent conduct must be analyzed under Rule 9(b)); *Hauck v. Advanced Micro Devices, Inc.*, No. 18-CV-00447-LHK, 2019 WL 1493356, at *11 (N.D. Cal. Apr. 4, 2019), *aff'd*, 816 F. App'x 39 (9th Cir. 2020) (same); *Hilton v. Apple Inc.*, No. CV137674GAFAJWX, 2014 WL 10435005, at *5 (C.D. Cal. Apr. 18, 2014) (holding that FDUTPA claim arising out of alleged misrepresentations is subject to heightened pleading requirements of Rule 9(b)); *Hall v. Sea World Ent., Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911, at *15, n. 18 (S.D. Cal. Dec. 23, 2015) (same); *Apodaca v. Whirlpool Corp.*, No. SACV 13-00725 JVS, 2013 WL 6477821, at *12 (C.D. Cal. Nov. 8, 2013) (same); *see also see also Blair v. Wachovia Mortg. Corp.*, 11-cv-566-OC-37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012) (noting that "federal district courts have split as to whether FDUTPA claims are subject to Rule 9(b)" but holding that "where the gravamen of the claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) would apply"); *D.H.G Props., L.L.C. v. Ginn Cos.*, 09-cv-735-J-34JRK, 2010 WL 5584464, at *5, n. 9 (M.D. Fla. Sept. 28, 2010) ("The Court need not determine the extent to which FDUTPA claims in other contexts may or may not be subject to the heightened pleading requirements of Rule 9(b); it suffices to recognize that the allegations of misrepresentation comprising Plaintiff's FDUTPA claim in this action are grounded in fraud, and thus, required to be plead [*sic*] with particularity.").

document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *In re Sorrento Therapeutics, Inc. Sec. Litig.*, No. 20-CV-00966-AJB-DEB, 2021 WL 6062943, at *3 (S.D. Cal. Nov. 18, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Courts can also consider documents under the "incorporation by reference" doctrine when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). The Court may treat documents that are incorporated by reference as part of the complaint, and thus may assume that their contents are true for purposes of motions to dismiss under Rule 12(b)(6). *Daniels-Hall*, 629 F.3d at 998. News articles are "appropriate" for incorporation by reference if a plaintiff extensively quotes and references them in a complaint. *In re Sorrento Therapeutics*, 2021 WL 6062943, at *3. Even if the court does not incorporate news articles into the complaint by reference, it may take judicial notice of the publications to indicate "what was in the public realm at the time" to aid its evaluation of whether a complaint adequately states a claim for relief. *Id.*

Finally, "[a] district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Any such amendment "may only allege other facts consistent with the challenged pleading." *Reddy v. Litton Indus.*, 912 F.2d 291, 297 (9th Cir. 1990) (citation omitted).

## IV.     ARGUMENT

### A.     Plaintiffs' California Claims Must Be Dismissed

All of Plaintiffs' claims under California law must be dismissed because Plaintiffs lack any basis to assert them. Plaintiff Bryan is a resident of Colorado and bought his iPad mini 6 in Colorado; and Plaintiff Valiente is a resident of Florida and bought his iPad mini 6 in Florida. FAC ¶¶ 7, 9. Plaintiffs do not allege that they ever reviewed any advertisements in California or made any relevant purchases in California, and they do not claim to have suffered any sort of harm in California. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[T]he last events necessary for liability as to the foreign class members—communication of the

advertisements to the claimants and their reliance thereon in purchasing vehicles—took place in the various foreign states, not California.").  On these facts, Plaintiffs Bryan and Valiente's claims are governed by Colorado and Florida laws respectively, and their UCL, CLRA, FAL, and California common law fraud, fraudulent omission, fraudulent misrepresentation, negligent misrepresentation, quasi-contract, and fraudulent inducement claims must be dismissed.  *Davison v. Kia Motors Am., Inc.*, No. SACV 15-00239-CJC, 2015 WL 3970502, at *3 (C.D. Cal. June 29, 2015) (dismissing UCL and CLRA nationwide class claims with prejudice where named plaintiff did not allege she purchased allegedly defective product in California or was wronged in California); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) (dismissing claims under the UCL, CLRA, and FAL); *Frezza v. Google Inc.*, No. 5:12-CV-00237-RMW, 2013 WL 1736788, at *7 (N.D. Cal. Apr. 22, 2013) (dismissing UCL claim); *see also In re Hitachi Television Optical Block Cases*, No. 08cv1746, 2011 WL 9403, at *6 (S.D. Cal. Jan.3, 2011) ("[T]here are material conflicts between California's consumer protection laws and the consumer protection laws of the other forty-nine states."); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007).  The FAC's California claims are copied substantially *verbatim* from the original Complaint, save to pluralize "Plaintiffs," and to add a fraudulent inducement claim based on identical facts as the other causes of action; further amendment cannot render California law applicable to Plaintiffs' circumstances and their California claims therefore should be dismissed with prejudice.  *Davison*, 2015 WL 3970502, at *3.

>    **B.**    **Plaintiffs' Fail To Plead The Necessary Elements Of Their Fraud-Based Claims Under Both California, Florida, and Colorado Law**

Whether they proceed under California, Colorado, or Florida law, all of Plaintiffs' fraud-based claims[5] require that they specifically[6] plead reliance on or injury caused by actionable

---

[5] Plaintiffs' claims under the CLRA, the FAL, the fraudulent prong of the UCL, the CCPA, the FDUTPA, and common law fraud, fraudulent omission/concealment, fraudulent misrepresentation, negligent misrepresentation, quasi-contract/unjust enrichment, and fraudulent inducement claims are all based on the theory that Apple made actionable misrepresentations and omissions that Plaintiffs relied on.  *See* FAC ¶¶ 99-100, 107, 111, 115–20, 127–30, 140–43, 149–51, 158, 164–66, 173–80, 184, 190, 197.

[6] *Kearns*, 567 F.3d at 1124–25 (fraud-based claims must be pled with particularity under Federal Rule of Civil Procedure 9(b)).

misrepresentations or omissions by Apple. *See In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009) (because "reliance is the causal mechanism of fraud . . . [the UCL] imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong"); *Garcia v. Medved Chevrolet*, 263 P.3d 92, 98 (Colo. 2011) (CCPA requires causation, which is often satisfied by pleading reliance).[7] But, as in the Complaint, Plaintiffs fail to plead

---

[7] *See also Kwikset Corp. v. Superior Court*, 246 P.3d 877, 887–88 (Cal. 2011); *Princess Cruise v. Superior Court*, 179 Cal. App. 4th 36, 46 (2009) ("reliance is required for CLRA actions"); *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 259 (2011), as modified (Dec. 28, 2011) (California common law fraud); *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223, 234 (Colo. 2018) (Colorado common law fraud); *In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1272 (10th Cir. 2019) (Colorado fraudulent concealment requires concealment resulting in damages ); *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1106–07 (10th Cir. 2009) (Colorado negligent and fraudulent misrepresentation and fraudulent nondisclosure); *Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 822 (N.D. Cal. 2011) (California negligent misrepresentation); *Terra Ins. Co. v. New York Life Inv. Mgmt. LLC*, 717 F. Supp. 2d 883, 890 (N.D. Cal. 2010) (California fraudulent misrepresentation; fraudulent concealment requires that the concealment result in altered course of action and damages); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) ("Plaintiff has not alleged that Defendant's alleged omission impacted her conduct in any way; thus, she has not alleged the omission was material, that she relied on the omission, or that the omission caused her any injury. She has therefore not stated a quasi-contract claim."); *Goode v. Gaia, Inc.*, No. 20-CV-00742-DDD-KLM, 2022 WL 596292, at *27 (D. Colo. Feb. 28, 2022) (recommending dismissal with prejudice of Colorado unjust enrichment claim based on alleged fraud where the plaintiff failed to adequately plead the underlying fraud); *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 309 (Fla. Dist. Ct. App. 2011) (negligent misrepresentation requires reasonable reliance); *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (reliance is an element of fraudulent misrepresentation); *La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 713 (Fla. Dist. Ct. App. 1998) (reliance is essential element of fraud); *Garrett-Alfred v. Facebook, Inc.*, No. 8:20-CV-0585-KKM-CPT, 2021 WL 1946699 (M.D. Fla. May 14, 2021) (fraudulent concealment requires reliance); *Moriber v. Dreiling*, 194 So. 3d 369, 373 (Fla. Dist. Ct. App. 2016) (fraudulent inducement requires reliance); *Worley v. Avanquest N. Am., Inc.*, No. C 12-04391 SI, 2013 WL 450388, at *2 (N.D. Cal. Feb. 5, 2013) (fraudulent inducement requires justifiable reliance); *Found. Learning LLC v. Acad., Arts & Action Charter Acad.*, No. 17-CV-03182-RM-KLM, 2019 WL 1077316, at *2 (D. Colo. Mar. 7, 2019) (fraudulent inducement requires justifiable reliance).

While Plaintiffs need not plead reliance to proceed on their FDUTPA claim, they must show causation. *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1231 (S.D. Fla. 2021). The only pleading of causation in Plaintiff's FDUTPA claim is that "Plaintiff Valiente and the Florida Subclass members acted reasonably in relying on Apple's misrepresentations and omissions." FAC ¶ 144. Such vague and conclusory pleading is insufficient to survive dismissal. *Hauck*, 2019 WL 1493356, at *14 (dismissing FDUTPA claims with prejudice). Moreover, regarding Plaintiffs' quasi-contract/unjust enrichment claim, while Plaintiffs plead that claim "in the alternative to their claims at law," FAC ¶ 189, they base these claims on the same facts as their other claims—that consumers allegedly relied on representations by Apple in purchasing their devices, *id.* ¶ 190. Unjust enrichment is not a true alternative theory of relief in this circumstance, and dismissal for being duplicative of the other claims is appropriate. *See Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1196 (S.D. Fla. 2017); *Licul v. Volkswagen Grp. of Am.,*

those essential elements in the FAC.  The FAC does not add any new alleged statements by Apple beyond what is found in the original Complaint.  And while Plaintiffs continue to cite a number of different statements by Apple in their FAC, they still specifically plead that they relied on only a handful of them.  *See* FAC ¶ ¶ 7, 9.  (Indeed, although the FAC adds Heriberto Valiente as a Plaintiff, it pleads that he viewed and relied on the exact same alleged statements by Apple as Plaintiff Bryan did.  *Compare* FAC ¶ 9 *with* Compl. ¶ 7.)  As was the case in the Complaint, the "representations" Plaintiffs cite in the FAC are all either untethered to any specific statements by Apple, are clearly and indisputably true, or are too vague and unspecific to be actionable in fraud. And the FAC does no more to properly plead claims based on omissions than the Complaint did (and, indeed, repeats much of the same pleading word-for-word).  And again, the FAC fails to plead any actionable omissions by Apple—the alleged omissions related to "jelly scrolling" are not contrary to any of the statements by Apple that Plaintiffs plead, and Plaintiffs fails to plead that Apple has a duty to disclose "jelly scrolling," given that the FAC demonstrates that the "jelly scrolling" was widely known almost as soon as the iPad mini 6 hit the market.  These deficiencies remain fatal to Plaintiffs' fraud-based claims.

### 1. No "False" Statements

To the extent Plaintiffs' claims are based on an affirmative misrepresentation, they fail because Plaintiffs never identify any statements other than non-actionable marketing statements or statements that are clearly true and not misleading.  In the FAC, Plaintiffs contend that the "false" statements they relied on include, among other things, that the iPad was "a tablet," that it "could be used for 'graphically rich games to pro apps,'" including "the Microsoft Office application, DocuSign, PDF Expert, Box, and Numbers," and that the iPad's "complete redesign" featured an "all-screen design" that "ma[de] text sharp."  FAC ¶¶ 7–10.  But the iPad clearly *is* a "tablet," and while Plaintiffs go to great lengths to try to plead what a tablet might be in the mind of a consumer, *id.* ¶¶ 16–21, they never identify any statements *by Apple* about "tablets."  Nor do

---

*Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at *8 (S.D. Fla. Dec. 5, 2013) ("Because Plaintiffs' unjust enrichment claim merely restates their other causes of action, it fails as a matter of law.").

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

Plaintiffs plead that the iPad mini 6 did not (in fact) undergo a "complete redesign" or that it does not have an "all screen design," an "edge-to-edge screen," or is incapable of running "graphically rich games" or the applications they cite—tellingly, Plaintiffs never plead (nor can they) that the iPad mini 6 will not actually run the applications they list.  Statements that are not false or misleading or would not mislead the reasonable consumer cannot support Plaintiffs' fraud-based claims.  *See, e.g.*, *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 876–77, 881 (2017).[8]  And stating that a product has a capability or feature is also not a promise that the capability or feature will never malfunction.  *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 (2003) ("Neither 'crystal clear' nor 'CD quality' can reasonably be understood as a promise of perfection."); *see also Valley Fresh Produce, Inc. v. W. Skyways, Inc.*, No. 17-CV-01450-PAB-KLM, 2019 WL 4695668, at *6 (D. Colo. Sept. 25, 2019).  And, of course, none of the statements Plaintiffs cite say anything about the "jelly scroll" effect (one way or another) or promise consumers that images on the device would never distort no matter how fast they scroll through a screen.  *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090 (N.D. Cal. 2017) ("Federal Rule of Civil Procedure 9(b) requires specific factual pleading that indicates why allegedly fraudulent statements are false or misleading.").[9]

Even if Plaintiffs had pled facts sufficient to show that any of the statements on which

---

[8] *See also, e.g.*, *In re Tobacco II Cases*, 207 P.3d at 29 ("A [common law] fraudulent deception must be actually false . . . .") (alteration in original; internal quotation marks omitted); *Travelers Indem. Co. of Illinois v. Hardwicke*, 339 F. Supp. 2d 1127, 1131–32 (D. Colo. 2004) (dismissing common law fraud and CCPA claims for failing to allege any "false, material representation" or "misrepresentation"); *see also Renfro v. Champion Petfoods USA, Inc.*, 25 F.4th 1293, 1305–06 (10th Cir. 2022) (plaintiffs failed to allege how statement that dog food was "biologically appropriate" was false or misleading); *Piescik v. CVS Pharmacy, Inc.*, No. 21-81298-CV, 2021 WL 5996977, at *5 (S.D. Fla. Dec. 15, 2021) (product labeling would not mislead a reasonable consumer in light of consumer background knowledge about product).

[9] Plaintiffs' contentions that Apple "created a context in the minds of reasonable consumers" or "sought to reinforce notions of the functionality and superiority of the iPad [m]ini's display," FAC ¶¶ 26, 27, are also untethered to any specific allegedly misleading statements by Apple on which Plaintiff relied.  *See Kearns*, 567 F.3d at 1124–25; *EchoStar Satellite, L.L.C. v. Splash Media Partners, L.P.*, No. 07-CV-02611-PAB-BNB, 2010 WL 1380314, at *2 (D. Colo. Mar. 31, 2010) (dismissing fraud-based claims where complaint pled "no specific misrepresentations"); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-CV-23392, 2021 WL 3666312, at *13 (S.D. Fla. Aug. 18, 2021) ("The SAC's generalized allegations regarding Defendants' misrepresentations and omissions fail to provide Defendants or this Court with any detailed and particularized facts from which to infer a plausible claim sounding in fraud.").

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

they claim to have relied were false (they do not), many of those statements are too vague and subjective to be actionable as a matter of law.  Marketing statements are non-actionable where they consist of "vague, highly subjective claims as opposed to specific, detailed factual assertions." *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1233 (N.D. Cal. 2012) (internal quotation marks omitted); s*ee also Renfro*, 25 F.4th at 1302; *Consumer Advocates*, 113 Cal. App. 4th at 1353, 1361-62; *Johnson v. MDEA, Inc.*, 578 F. Supp. 2d 1229, 1238 (C.D. Cal. 2008); *Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139–40 (C.D. Cal. 2005); *MDVIP, Inc. v. Beber*, 222 So. 3d 555, 561 (Fla. Dist. Ct. App. 2017).

And here, many of the statements Plaintiffs cite fall squarely into that category—terms like "graphically rich," and "pro" are too subjective to be actionable, as are statements like "[f]rom creativity to productivity, you can do everything you love more easily and more efficiently."  *See, e.g.*, *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 998–99 (N.D. Cal. 2007) (statements that satellite service was "high quality," "dependable," and "reliable" were non-actionable) (citations and internal quotations omitted); *Johnson*, 578 F. Supp. 2d at 1238–39. In short, Plaintiffs do not identify any false or misleading affirmative statements of fact on which they personally relied.[10]

## 2.     No Actionable Omissions Under California Law

In the absence of any false or misleading statements, to properly state claims based on omissions under California law, Plaintiffs must plead either that Apple's alleged omissions were contrary to a representation Apple actually made or that Apple had a duty to disclose "jelly scrolling."  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861, 865, 868 (9th Cir. 2018) ("Omissions may be the basis of claims under California consumer protections laws, but to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose.") (internal quotation marks and emphasis omitted);

---

[10] Plaintiffs' pleading that they relied on "[n]umerous" statements by Apple is too vague to state a claim for reliance by Plaintiffs on statements not pled in Paragraphs 7 and 9 of the FAC. *See* FAC ¶¶ 7, 9. And, in any case, all statements by Apple identified in the FAC are either true and not misleading or non-actionable marketing statements that cannot form the basis for Plaintiffs' claims for the reasons stated above.

*Rojas-Lozano*, 159 F. Supp. 3d at 1112, 1119; *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835, 838 (2006); *see also Terra Ins. Co.*, 717 F. Supp. 2d at 890.  As set out in § IV(B)(1), *supra*, Plaintiffs do not identify any "false" statements by Apple, about the "jelly scroll" effect or otherwise.  Indeed, Plaintiffs plead that Apple "publicly acknowledged" the effect "just four days after the iPad [m]ini's release."  FAC ¶ 2.

Nor do Plaintiffs plead facts to show that Apple had a "duty" to specifically disclose the effect.  Under California law, "when a defect does not relate to an unreasonable safety hazard, a defendant has a duty to disclose when (1) the omission is material; (2) the defect is central to the product's function; ***and*** (3) at least one of the following four factors is met: the defendant is the plaintiff's fiduciary; the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; the defendant actively conceals a material fact from the plaintiff; or the defendant makes partial representations that are misleading because some other material fact has not been disclosed."  *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1176, 1179 (N.D. Cal. 2019) (emphasis added); *see also Hodsdon*, 891 F.3d at 863; *Collins*, 202 Cal. App. 4th at 255 (applying test in the CLRA context)."[11]  But, here, Plaintiffs plead none of those facts.  Apple is not Plaintiffs' fiduciary, and nothing in the FAC even suggests that Apple actively concealed the "jelly scroll" effect.  To the contrary—Plaintiffs admit Apple "publicly acknowledged" that the effect exists on all LCD screens.  FAC ¶ 2.  And given the widespread availability of information regarding the effect (as shown by the same articles Plaintiffs cite, *see* Powers Decl. Exs. A-H), Plaintiffs do not (and cannot) plead facts to show that Apple had "exclusive" or "superior" knowledge of the effect that was not known or reasonably accessible to the Plaintiffs.  Under these circumstances, Apple did not have a duty to disclose what Plaintiffs contend was a widely known effect.  *See Rubenstein,* 14 Cal. App. 5th at 878 (no

---

[11] This test also applies to Plaintiffs' California common law omissions theories.  *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (in context of common law intentional and negligent omission claims, "four circumstances in which nondisclosure or concealment may constitute actionable fraud:  (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts").

exclusive knowledge when consumers had the opportunity to inspect merchandise in stores before purchase).[12]

Plaintiffs' apparent contention that Apple made "partial representations as to the iPad screen" should also be rejected.  FAC ¶¶ 32–35.  As an initial matter, the FAC is just as vague as the Complaint was about what those "partial representations" are and exactly how they are misleading.  The "partial representations" *appear* to consist of video recordings of persons using the iPad mini 6 in various contexts in Apple advertisements.  *Id.*  On these facts, Plaintiffs' generic assertion about unidentified "partial representations" that they do not claim to have relied on fails under Rule 9.  *See Hoey v. Sony Elecs. Inc*., 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) (Rule 9(b) applies to partial representations).  Nor do Plaintiffs allege that anything in those videos were "false" or that Apple made any specific promises in connection with those videos.  *See Rubenstein*, 14 Cal. App. 5th at 878  In short, Plaintiffs have not pled facts to support any sort of "omission" claim under California law—based on a "partial misrepresentation" or otherwise.

### 3.    No Actionable Omissions under Colorado or Florida Law

For similar reasons, Plaintiffs also fail to plead facts sufficient to state an omission claim under Colorado or Florida law.  In Colorado and Florida, to state a claim for omissions, plaintiffs must plead that a defendant had a duty to disclose, whether the claim is brought under a common law fraudulent concealment theory or under the CCPA.  *Renfro*, 25 F.4th at 1303; *Francis v. Mead Johnson & Co.*, No. 1:10-CV-00701-JLK, 2010 WL 5313540, at *5 (D. Colo. Dec. 17, 2010); *Greenberg v. Miami Children's Hosp. Rsch. Inst., Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003).  In Colorado, without "a special relationship or custom requiring disclosure, a party is

---

[12] Plaintiffs also do not sufficiently allege an unreasonable safety hazard. Plaintiffs allege that they experienced nausea and headaches after using their devices.  FAC ¶¶ 7, 9.  But Plaintiffs never plead that this constitutes an unreasonable safety hazard, much less that these symptoms are commonly experienced among iPad mini 6 users. And minor symptoms of unspecified frequency are insufficient to plead an unreasonable safety hazard.  *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 568 (N.D. Cal. 2019) (noting that an event that might not occur is not an unreasonable safety hazard and that unreasonable safety hazards must be similarly dangerous to "engine disintegration or failure or engine fire," "a faulty speedometer easily ... lead[ing] to traveling at unsafe speeds and moving-violation penalties," or "moisture on the wiring caus[ing] overheating[ ] and ... lead[ing] to a fire") (alterations in original).

not required to disclose material facts unless he has done something to create a false impression." *Renfro*, 25 F.4th at 1303; *see also In re Rumsey Land Co., LLC*, 944 F.3d at 1272–73.  Similarly, Florida requires a "special relationship" to give rise to a duty to disclose.  *Greenberg*, 264 F. Supp. 2d at 1073.  But, here, there is no special relationship or "custom" requiring disclosure.  As set out above, the statements Plaintiffs cite are all either true on their face or are too vague to give rise to any particular consumer expectations.  *See* § IV.B.1, *supra.*  And, as also noted above, Plaintiffs do not identify any partial representations that are "misleading" in light of the "jelly scroll" effect.  *See* § IV.B.2, *supra.*  Plaintiffs' Colorado and Florida claims thus fail as a matter of law.  *See Renfro*, 25 F.4th at 1307 (no duty to disclose certain ingredients in dog food because manufacturer made no actionable statements that the omission would contradict).

Plaintiffs' omissions claim under the CCPA also suffers from another, additional defect. Omissions may be actionable under the CCPA where a defendant "[f]ail[ed] to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction."  Colo. Rev. Stat. § 6-1-105(1)(u).  But Plaintiffs fail to make any reference to omissions when listing what they allege to be deceptive trade practices, *see* FAC ¶ 127, and make only vague references to omissions under the CCPA in other paragraphs, *see id.* 128–30.  Those vague allegations do not state a claim for omissions under the CCPA.  *See, e.g.*, *Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-CV-02717-PAB-MJW, 2012 WL 4478958, at *3 (D. Colo. Sept. 28, 2012) (dismissing CCPA omission claim for failing to comply with FRCP 9(b)).

Moreover, Plaintiffs have not sufficiently alleged an omissions theory under the FDUTPA.  Alleging a theory based on omissions under the FDUTPA requires that the omission will likely deceive a reasonable consumer.  *Kurimski v. Shell Oil Co.*, No. 21-80727-CV, 2021 WL 6340979, at *7 (S.D. Fla. Nov. 8, 2021).  But, here, there is widespread information about the "jelly scroll" effect, and Apple made no statements to the contrary or any "partial representations."  *See* § IV.B.2, *supra*.

### C.      Plaintiffs Plead No Facts To Support An "Unlawful" Or "Unfair" UCL Claim

Next, Plaintiffs' allegations under the "unlawful" and "unfair" prongs of the UCL fail

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

1    because Plaintiffs again fail to plead any facts to show that Apple's supposed conduct was

2    "unlawful" or "unfair."  As to the "unlawful" prong of the UCL, Plaintiffs' claims are still

3    predicated only on Apple's alleged statutory and common law fraud, copied word-for-word from

4    the original Complaint.  *Compare* Compl. ¶ 90 *and* FAC ¶ 93.  And as discussed above and in

5    Apple's initial motion to dismiss, Plaintiffs fail to plead sufficient facts to state a claim for fraud

6    in violation of any statute or the common law.  *See* § IV.A, *supra*; Dkt. No. 19 at 8-14.

7    Therefore, because Plaintiffs did not allege any "unlawful" conduct, their claim under the

8    "unlawful" prong must fail.  *Daugherty*, 144 Cal. App. 4th at 837 (because the court rejected

9    Daugherty's claims under the CLRA, he "cannot state a violation of the UCL under the

10   'unlawful' prong predicated on a violation of either statute, as there were no violations"); *Hoey*,

11   515 F. Supp. 2d at 1099.

12           And as to the "unfair" prong, to constitute "unfair" conduct, Apple must either

13   (1) "offend[ ] an established public policy or [be] immoral, unethical, oppressive, unscrupulous or

14   substantially injurious to consumers"; (2) be "tethered to specific constitutional, statutory or

15   regulatory provisions"; or (3) "cause substantial consumer injury that is not outweighed by

16   countervailing benefits and which consumers could themselves not have reasonably avoided."

17   *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1271 (2006); *Daugherty*, 144 Cal.

18   App. 4th at 830.  Courts apply a balancing test to determine whether conduct fits into these

19   definitions, namely, "an examination of its impact on its alleged victim, balanced against the

20   reasons, justifications and motives of the alleged wrongdoer."  *Baba v. Hewlett-Packard Co.*, No.

21   C 09-05946 RS, 2010 WL 2486353, at *7 (N.D. Cal. June 16, 2010).  And in class actions, the

22   named plaintiffs' accounts of the alleged "unfair" conduct must adequately plead "substantial

23   injury" to all members of the putative class.  *Berenblat v. Apple, Inc.*, No. 08-4969 JF (PVT),

24   2010 WL 1460297, at *7 (N.D. Cal. Apr. 9, 2010).

25           But here, because FAC's allegations pled in support of Plaintiffs' "unfair" prong are

26   substantially identical to those set forth in the original complaint (*compare* Compl. ¶¶ 91-95 *and*

27   FAC ¶¶ 94-98), they fail for the same reasons as before.  Plaintiffs again do not (and cannot)

28   identify any "constitutional, statutory or regulatory" provision that Apple could possibly have

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

violated.  Nor do their allegations form any basis to conclude that Apple's alleged conduct was "immoral or unethical" or caused "substantial" injury that consumers could not have avoided. Plaintiffs' causes of action under the "unfair" prong once again overlap entirely with their claims under the FAL, CLRA, and the UCL's "fraud" prong (FAC ¶ 92); because those claims should be dismissed (*see* § IV.A, *supra*), the claims under the UCL's "unfair" prong fail as well. *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016); *In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 WL 3740648, at *14 (N.D. Cal. Nov. 6, 2009), aff'd, 464 F. App'x 651 (9th Cir. 2011).  The causes of action also fail because they are devoid of allegations comparing the alleged harm to consumers against the utility of Apple's conduct. *Price v. Apple Inc.*, No. 21-cv-02846-HSG, Dkt. No. 52, at p. 9 (N.D. Cal. Apr. 6, 2022); *Williamson v. McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2014 WL 4220824, at *7 (N.D. Cal. Aug. 22, 2014).  Although Plaintiffs contend that *some* consumers were dissatisfied with their iPad mini 6 purchases (FAC ¶¶ 42–72), and that the iPad mini 6's screen fell short of some consumers' expectations (*id.* ¶¶ 28, 37, 95(b)), these kinds of "[g]eneralized allegations with respect to consumer expectations, or a statement that Apple 'knew' that the screens would fail at some point, are not sufficient" to state an "unfair" UCL claim as a matter of law. *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *4 (N.D. Cal. Dec. 17, 2009) (internal quotations and citations omitted).  It is also not "unfair" to omit "facts" that Apple had no "duty" to disclose, *Bardin*, 136 Cal. App. 4th at 1264–73, and as set out above Plaintiffs have not pled facts sufficient to establish such a duty here. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146, n.5 (9th Cir. 2012); *Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361 PJH, 2014 WL 989742, at *12 (N.D. Cal. Mar. 11, 2014).  For these reasons, the FAC's UCL claims fail as a matter of law and dismissal with prejudice is appropriate.

**D.    Plaintiffs Cannot Seek Monetary Damages or an Injunction Under the CCPA**

As with the other causes of action, the allegations under the CCPA mirror almost entirely verbatim between the FAC and original Complaint. *Compare* Compl. ¶¶ 120-131 *and* FAC ¶¶ 120-134.  Thus, the CCPA claim suffers the same defects as before, namely, that monetary damages and injunctive relief are explicitly prohibited by the statute.  Plaintiff Bryan purports to

1    seek on behalf of the Colorado subclass "the greater of: (a) actual damages, or (b) $500, or (c)

2    three times actual damages (for Apple's bad faith conduct); injunctive relief; and reasonable

3    attorneys' fees and costs." FAC ¶ 131.  But the CCPA expressly states that those monetary

4    remedies are available "*[e]xcept in a class action*."  Colo. Rev. Stat. § 6-1-113(2) (emphasis

5    added).[13]  And the CCPA does not authorize private plaintiffs or classes to seek injunctive relief.

6    *See* Colo. Rev. Stat. § 6-1-113.[14]  Therefore, the Court must dismiss Plaintiff Bryan's claims for

7    monetary recovery and injunctive relief under the CCPA.

8         **E.    The Claims For Retrospective Restitution and Unjust Enrichment Must Be
              Dismissed Because Plaintiffs Have Not Pled That They Have No Adequate
9             Remedy At Law**

10        Plaintiffs' claims for equitable restitution and unjust enrichment must also be dismissed.

11   The law is clear that a plaintiff may not seek equitable relief when an adequate remedy at law is

12   available.  *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009).  Therefore, for

13   Plaintiffs' equitable claims for retrospective restitution and unjust enrichment/quasi-contract to

14   survive dismissal, they must plead facts showing that they lack an adequate remedy at law.

15   *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("[A plaintiff] must

16   establish that she lacks an adequate remedy at law before securing equitable restitution for past

17   harm under the UCL and CLRA.").  But, here, Plaintiffs explicitly seek a remedy at law through

18   this very lawsuit—they plead claims for actual damages in connection with, *inter alia*, their

19   statutory claims and common law fraud, fraudulent omission, fraudulent misrepresentation,

20   negligent misrepresentation, and fraudulent inducement claims.  *Id.* ¶¶ 134, 145, 155, 167, 180.

21   On these facts, their claims to retrospective equitable remedies and their claims based on quasi-

22   contract/unjust enrichment must be dismissed.  *Sonner*, 971 F.3d at 844; *Sharma v. Volkswagen*

23   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

24   [13] *See also Monson v. Country Preferred Ins.* Co., No. 17-CV-02130-RBJ, 2018 WL 11016704,
     at *6 (D. Colo. Sept. 28, 2018); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-CV-02432-
25   WYD-KMT, 2015 WL 4036319, at *4 (D. Colo. July 1, 2015); *Tasion Commc'ns, Inc. v.
     Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL 1048710, at *10 (N.D. Cal. Mar. 14,
26   2014); *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218 (D. Colo. 2012).

     [14] *See also Monson*, 2018 WL 11016704, at *7; *Carter v. Amica Mut. Ins. Co.*, No. 17-CV-02156-
27   RM-MEH, 2018 WL 3093320, at *9 (D. Colo. June 22, 2018), *report and recommendation
     adopted*, No. 17-CV-02156-RM-MEH, 2018 WL 4368668 (D. Colo. July 11, 2018).

28

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

*AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) (damages are an adequate legal remedy requiring dismissal of unjust enrichment claim and claims for restitution under the CLRA and UCL); *In re ZF-TRW Airbag Control Units*, No. LAML1902905JAKFFMX, 2022 WL 522484, at *72 (C.D. Cal. Feb. 9, 2022); *Duttweiler v. Triumph Motorcycles*, 2015 WL 4941780, at *9 (N.D. Cal. Aug. 19, 2015) ("Courts routinely dismiss UCL claims at the pleading stage on account of the plaintiff's failure to plead facts demonstrating an entitlement to equitable relief. . . . This is true even where a plaintiff attempts to plead equitable relief in the alternative") (Gilliam, J.); *Williams v. Apple Inc.*, 2020 WL 6743911, at *10 (N.D. Cal. Nov. 17, 2020) (same); *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007).  Plaintiffs made no amendments to their claims for retroactive restitution and unjust enrichment except to pluralize "Plaintiffs" and add restitution to their CLRA claim (*compare* Compl. ¶¶ 101, 118-19, 177 *and* FAC ¶¶ 104, 113, 121-22, 192); because Plaintiffs demonstrated an inability to adequately plead equitable restitution and unjust enrichment through amendment, they should be denied leave to amend further.  *Sonner*, 971 F.3d at 845.

### F.        Plaintiffs Lack Article III Standing To Seek Injunctive Relief

Finally, Plaintiffs still lack standing to seek injunctive relief.  To establish Article III standing to seek injunctive relief, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future."  *Gallagher v. Chipotle Mexican Grill, Inc.*, No. 15-CV-03952-HSG, 2016 WL 454083, at *3 (N.D. Cal. Feb. 5, 2016) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)).  In the false advertising context, that means the plaintiff must allege that they would want to or intend to purchase the allegedly defective product in the future.  *Dotson v. Europharma, Inc.*, No. 2:20-CV-09651-AB-AGR, 2021 WL 4826611, at *7 (C.D. Cal. May 27, 2021); *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016).  And in a putative class action like this one, a named plaintiff may not represent a class seeking injunctive relief unless the plaintiff is himself entitled to seek injunctive relief. *Strumlauf*, 192 F. Supp. 3d 1030.  But here, Plaintiffs plead no such facts.

This Court's decision in *Gallagher* is instructive.  2016 WL 454083, at *3.  There, the plaintiff sought to recover under the UCL, FAL, and CLRA for injuries incurred after relying on

1    the defendant's allegedly false or misleading statements regarding GMO ingredients in its food

2    products.  *Id.* at *1.  Although she sought prospective injunctive relief, this Court held that she

3    lacked the requisite Article III standing to seek such a remedy.  *Id.* at 3.  As this Court explained,

4    "a majority of district courts have held that the plaintiff has no standing to seek prospective

5    injunctive relief" where the plaintiff "has no intention of purchasing the product in the future."

6    *Id.* (internal quotation omitted).  And as this Court also recognized, "a plaintiff who is aware of

7    allegedly misleading advertising has no standing to seek prospective injunctive relief."  *Id.*

8    (internal quotation omitted).  Because the *Gallagher* plaintiff failed to allege that she intended to

9    purchase the defendant's food products again in the future, it was "entirely implausible that

10   Plaintiff risks being harmed by Defendant's alleged misrepresentations again," and struck her

11   claims for injunctive relief.  *Id.*; *see also Campion v. Old Republic Home Prot. Co*., 861 F. Supp.

12   2d 1139, 1142 (S.D. Cal. 2012); *Stephenson v. Neutrogena Corp*., No. C 12-0426-PJH, 2012 WL

13   8527784, at *1 (N.D. Cal. July 27, 2012).

14          The Court should reach the same conclusion here.  Plaintiffs do not allege that they intend

15   to purchase another iPad mini 6 in the future.  Indeed, they plead throughout the FAC that they

16   would not have purchased the iPad mini 6 from Apple had they "known" of the "jelly scroll"

17   effect.  *E.g.* FAC ¶¶ 8, 10, 86, 100, 102, 111, 160, 165, 190.  Thus, Plaintiffs cannot plausibly

18   contend that they are realistically and *personally* threatened by a repetition of Apple's conduct.

19   *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).  Instead, just as in *Gallagher*, because

20   Plaintiffs are already personally aware of this effect, it is "entirely implausible" that they risk

21   being harmed by Apple's alleged misrepresentations about the iPad mini 6 again.  2016 WL

22   454083 at *3.  And because Plaintiffs fail to plead the threat of repeated injury giving rise to their

23   own standing to seek injunctive relief, they cannot represent a class or subclasses seeking such

24   relief.  *Strumlauf*, 192 F. Supp. 3d 1030; *cf. Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045

25   (9th Cir. 1999).

26   **V.     LEAVE TO AMEND**

27          Plaintiffs should be denied leave to amend, and the FAC should be dismissed with

28   prejudice.  Leave to amend is properly denied when "the pleading could not possibly be cured by

APPLE INC.'S MOTION TO DISMISS
& MEM. OF P. & A. IN SUPPORT
CASE NO. 4:22-CV-00845-HSG

the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  As shown above, Plaintiffs' California law claims, their claims for equitable restitution and unjust enrichment, and their claims for injunctive relief must be dismissed as a matter of law based on facts Plaintiffs affirmatively plead and cannot change by amending the FAC again.  *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (leave to amend should be granted only "if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint") (quotation omitted).  Moreover, Apple has not made any false or misleading statements about the "jelly scroll" effect, and no amount of additional pleading will make Apple's true statements false or make Apple's non-actionable marketing statements actionable.  *See Cook, Perkiss & Liehe*, 911 F.2d  ("Because [the district court] found that the advertisement was not a factual representation and therefore not actionable, no amendment would have been able to cure this defect.").  Plaintiffs have had an opportunity to amend, and they still cannot conjure a cognizable claim.  Thus, the FAC should be dismissed with prejudice.

## VI.   **CONCLUSION**

For the forgoing reasons, the Court should dismiss Plaintiffs' claims with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state a claim on which relief may be granted.

Dated:  May 6, 2022                    **O'MELVENY & MYERS LLP**

                                        */s/ Matthew D. Powers*
                                        Matthew D. Powers
                                        Two Embarcadero Center, 28th Floor
                                        San Francisco, CA 94111
                                        Telephone:  (415) 984-8700
                                        Facsimile:  (415) 984-8701
                                        E-mail:  mpowers@omm.com
                                        *Attorney for Defendant Apple Inc.*